IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EZ4MEDIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., PIONEER CORPORATION, PIONEER ELECTRONICS, INC., YAMAHA CORPORATION, YAMAHA ELECTRONICS CORPORATION, D&M HOLDINGS LLC, and DENON ELECTRONICS, LLC. <br><br> Defendants. | FILED: JUNE 30, 2008 <br> 08CV3732 <br> JUDGE ANDERSEN <br> CASE NO.: MAGISTRATE JUDGE MASON <br> TG <br> JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, EZ4Media, Inc., complains of Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Pioneer Corporation, Pioneer Electronics, Inc., Yamaha Corporation, Yamaha Electronics Corporation, D&M Holdings LLC, and Denon Electronics, LLC as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271.  This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

2.     EZ4Media Inc. ("EZ4Media") is a corporation with its principal place of business at 2275 Half Day Road, Suite 350, Bannockburn, Illinois.  EZ4Media is in the business of

designing, manufacturing, and selling devices for digital video, including those covered under the patents involved in this lawsuit.

3.     EZ4Media owns and has all right, title and interest in U.S. Patent No. 7,142,934 which issued on November 28, 2006 (the "'934 Patent"); U.S. Patent No. 7,142,935 which issued on November 28, 2006 (the "'935 Patent"); U.S. Patent No. 7,167,765 which issued on January 23, 2007 (the "'765 Patent") and U.S. Patent No. 7,107,605 which issued on September 12, 2006 (the "'605 Patent").

4.     EZ4Media has standing to sue and to recover past damages for infringement of the '934, '935, '765 and '605 Patents.

5.     EZ4Media has fully complied with the marking and notice requirements of 35 U.S.C. § 287, including, without limitation, by placing the relevant patent numbers on its EZfetch digital media receiver.

6.     Samsung Electronics Co., Ltd.'s headquarters and principal place of business is located at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, South Korea, 100-742, and Samsung Electronics America, Inc., a subsidiary of Samsung Electronics Co., Ltd., is located at 105 Challenger Road, Ridgefield Park, New Jersey 07660 (hereinafter collectively referred to as "Samsung").  Samsung sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765, and '605 Patents.

7.     Pioneer Corporation's headquarters and principal place of business is located at 25-1 Aza-Nishimachi, Yamada, Kawagoe-shi, Saitama, Japan 350-8555, and Pioneer Electronics, Inc., a subsidiary of Pioneer Corporation, is located at 2265 E. 220th Street, Long Beach, California  90810 (hereinafter collectively referred to as "Pioneer").  Pioneer sells

electronic products throughout the United States, including within this judicial district, and has also advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, and '765 Patents.

8. Yamaha Corporation's headquarters and principal place of business is located at 10-1 Nakazawa-cho, Naka-ku, Hamamatsu Japan 430-8650, and Yamaha Electronics Corporation, a subsidiary of Yamaha Corporation, is located at 6660 Orangethorpe Avenue, Buena Park, California 90620 (hereinafter collectively referred to as "Yamaha"). Yamaha sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by claims of the '934, '935, and '765 Patents.

9. D&M Holdings, Inc.'s headquarters and principal place of business is located at 2-4-6, Kitahama, Chuo-ku, Osaka, Japan 541-8535, and Denon Electronics, LLC a subsidiary of D&M Holdings, Inc., is located at 100 Corporate Drive, Mahwah, New Jersey 07430 (collectively referred to as "Denon"). Denon sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, and '765 Patents.

10. Venue is proper in this district under 28 U.S.C. § 1400(b).

**PATENT INFRINGEMENT**

11. The '934, '935 and '765 Patents relate to a device, system and a method for streaming digital media, for example movies, music or pictures, from a server to a playback device, such as a television or a stereo.

12. The '605 Patent relates to a method and system for streaming pictures from a server to a picture frame over a wireless network.

13. Samsung has infringed the claims of the '934, '935, '765 and '605 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its LNA52A750, LNA46A750, and LNA40A750 flat panel televisions and SPF-72V and SPF-83V wireless photo frames.

14. Samsung's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

15. The infringement by Samsung has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

16. Pioneer has infringed the claims of the '934, '935, and '765 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its X-Z9 Network Media Stereo; BDP-94HD and BDP-HD1 blue ray players; SC-09TX and VSX-94TXH AV receivers; PRO-940HD, PRO-950HD, PRO-1140HD, and PRO-1150HD plasma televisions; and PDP-5020FD and PDP-6020FD and flat panel televisions.

17. Pioneer's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

18. The infringement by Pioneer has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

19. Yamaha has infringed the claims of the '934, '935, and '765 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting,

encouraging or contributing to the infringement by others relating to, among products, its RX-Z11, RX-V3800, RX-V2700, and RX-N600 AV receivers; MCX-2000 Digital Audio Server; and MCX-A10 and MCX-C15 Music Cast System Clients.

20. Yamaha's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

21. The infringement by Yamaha has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

22. Denon has infringed the claims of the '934, '935, and '765 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its AVR3808, AVR4308, AVR5308 and AVP-A1HDCI AV receivers; ASD-3W iPod Dock; ASD-3N Network-iPod Dock; S302 Integrated Stereo System; and S32 and S52 Enhanced Audio Systems.

23. Denon's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

24. The infringement by Denon has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

WHEREFORE, Plaintiff, EZ4Media, respectfully requests judgment against Samsung, Pioneer, Yamaha, and Denon and their parents, subsidiaries and affiliates as follows:

A. A judgment that each Defendant infringes the '934, '935, '765 Patents;

B.  A judgment that Samsung additionally infringes the '605 Patent;

C.  An award of damages adequate to compensate Plaintiff for the infringement, together with prejudgment interest:

D.  Any other damages permitted under 35 U.S.C. §§ 284 and 285;

E.  An injunction permanently prohibiting each Defendant and all persons in active concert or participating with them, from further acts of infringement of the '934, '935, and the '765 Patents;

F.  An injunction permanently prohibiting Samsung, and all persons in active concert or participating with Samsung from further acts of infringement of the '605 Patent; and

G.  Such other further relief as this Court or a jury may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

June 30, 2008

Respectfully submitted,

/s/David J. Sheikh
Raymond P. Niro (rniro@nshn.com)
Christopher J. Lee (clee@nshn.com)
David J. Sheikh (sheikh@nshn.com)
Richard B. Megley, Jr (megleyjr@nshn.com)
Lee F. Grossman (lgrossman@nshn.com)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Plaintiff*