UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EZ4MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 CV 3732 |
| v. | ) | |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD. | ) | The Honorable Judge Wayne Andersen |
| SAMSUNG ELECTRONICS AMERICA, | ) | |
| INC., PIONEER CORPORATION, | ) | Magistrate Judge Michael Mason |
| PIONEER ELECTRONICS, INC., | ) | |
| YAMAHA ELECTRONICS | ) | |
| CORPORATION, D&M HOLDINGS LLC, | ) | |
| and DENON ELECTRONICS, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS D&M HOLDINGS INC.'S AND DENON ELECTRONICS (USA), LLC'S ANSWER AND DENON ELECTRONICS (USA), LLC'S COUNTERCLAIMS TO PLAINTIFF EZ4MEDIA, INC'S COMPLAINT**

Defendants D&M Holdings Inc. ("D&M Holdings") and Denon Electronics (USA), LLC ("Denon") (where D&M Holdings and Denon are collectively referred to herein as "D&M"), respond to the Complaint of Plaintiff EZ4Media, Inc. ("EZ4Media") as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.  This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

**RESPONSE**:

D&M admits that this is a patent infringement action. D&M denies the remaining allegations of Paragraph 1 of the Complaint.

2.  EZ4Media Inc. ("EZ4Media") is a corporation with its principal place of business at 2275 Half Day Road, Suite 350, Bannockburn, Illinois. EZ4Media is in the business of

designing, manufacturing, and selling devices for digital video, including those covered under the patents involved in this lawsuit.

**RESPONSE**:

  D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint. As such, D&M denies each and every allegation in Paragraph 2.

  3. EZ4Media owns and has all right, title and interest in U.S. Patent No. 7,142,934 which issued on November 28, 2006 (the "'934 Patent"); U.S. Patent No. 7,142,935 which issued on November 28, 2006 (the "'935 Patent"); U.S. Patent No. 7,167,765 which issued on November January 23, 2007 (the "'765 Patent") and U.S. Patent No. 7,107,605 which issued on September 12, 2006 (the "'605 Patent").

**RESPONSE**:

  D&M admits that U.S Patent Nos. 7,142,934 (the "'934 patent"), 7,142,935 (the "'935 patent"), 7,167,765 (the "'765 patent"), and 7,107,605 (the "'605 patent") are referred to herein collectively as the "patents-in-suit," and purport to have issued on the dates alleged. D&M is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

  4. EZ4Media has standing to sue and recover past damages for infringement of the '934,m '935, '765, and '605 Patents.

**RESPONSE**:

  D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore denies them.

  5. EZ4Media has fully complied with the marking and notice requirements of 35 U.S.C. § 287, including, without limitation, by placing the relevant patent numbers on its EZfetch digital media receiver.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies them.

6.  Samsung Electronics Co., Ltd.'s headquarters and principal place of business is located at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, South Korea, 100-742, and Samsung Electronics America, Inc., a subsidiary of Samsung Electronics Co., Ltd., is located at 105 Challenger Road, Ridgefield Park, New Jersey, 07660 (hereinafter collectively referred to as "Samsung"). Samsung sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765, and '605 Patents.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7.  Pioneer Corporation's headquarters and principal place of business is located at 25-1 Aza-Nishimachi, Yamada, Kawagoe-shi, Saitama, Japan 350-8555, and Pioneer Electronics, Inc., a subsidiary of Pioneer Corporation, is located at 2265 E. 220th Street, Long Beach, California, 90810 (hereinafter collectively referred to as "Pioneer"). Pioneer sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765, and '605 Patents.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8.  Yamaha Corporation's headquarters and principal place of business is located at 10-1 Nakazawa-cho, Naka-ku, Hamamatsu Japan 430-8650, and Yamaha Electronics Corporation, a subsidiary of Yamaha Corporation, is located at 6660 Orangethorpe Avenue, Buena Park, California 90620 (hereinafter collectively referred to as "Yamaha"). Yamaha sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765, and '605 Patents.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9.      D&M Holdings, Inc's headquarters and principal place of business is located at 2-4-6 Kitahama, Chuo-ku, Osaka, Japan 541-8535, and Denon Electronics, LLC a subsidiary of D&M Holdings, Inc., is located at 100 Corporate Drive, Mahwah, New Jersey 07430 (collectively referred to as "Denon").  Denon sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765, and '605 Patents.

**RESPONSE**:

D&M denies that D&M Holdings Inc.'s headquarters and principal place of business is located at 2-4-6 Kitahama, Chuo-ku, Osaka, Japan 541-8535.  D&M admits that Denon Electronics (USA), LLC (incorrectly identified in Paragraph 9 of the Complaint as Denon Electronics, LLC) is located at 100 Corporate Drive, Mahwah, New Jersey 07430. D&M denies that Denon Electronics (USA), LLC is a subsidiary of D&M Holdings, Inc.  Rather, Denon Electronics (USA), LLC is a wholly-owned subsidiary of D&M Holdings U.S. Inc.  D&M admits that Denon sells electronic products.  D&M denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Venue is proper in this district under 28 U.S.C. § 1400(b).

**RESPONSE**:

D&M admits the allegations contained in Paragraph 10 of the Complaint.

**PATENT INFRINGEMENT**

11.     The '934, '935, and '765 relate to a device, system and a method for streaming digital media, for example movies, music or pictures, from a server to a playback device, such as a television or stereo.

**RESPONSE**:

D&M denies the allegations contained in Paragraph 11 of the Complaint.

12.     The '605 Patent relates to a method and system for streaming pictures from a server to a picture frame over a wireless network.

**RESPONSE**:

4

   D&M denies the allegations contained in Paragraph 12 of the Complaint.

  13. Samsung has infringed the claims of the '934, '935, '764, and '605 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its LNA52A750, LNA46A750, and LNA40A750 flat panel televisions and SPF-72V and SPF-83V wireless photo frames.

**RESPONSE**:

   D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

  14. Samsung's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

**RESPONSE**:

   D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

  15. The infringement by Samsung has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

**RESPONSE**:

   D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

  16. Pioneer has infringed the claims of the '934, '935, '764, and '605 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its X-Z9 Network Media Stereo; BDP-94HD and BDP-HD1 blue ray players; SC-09TX and VSX-94TXH AV receivers; PRO-940HD, PRO-950HD, PRO-1140HD, and PRO-1150HD plasma televisions; and PDP-5020FD and PDP-6020FD and flat panel televisions.

**RESPONSE**:

   D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17. Pioneer's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore denies them.

18. The infringement by Pioneer has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore denies them.

19. Yamaha has infringed the claims of the '934, '935, and '764 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its RX-Z11, RX-V3800, RX-V2700, and RX-N600 AV receivers; MCX-2000 Digital Audio Server; and MCX-A10 and MCX-C15 Music Cast System Clients.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore denies them.

20. Yamaha's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies them.

21. The infringement by Yamaha has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

**RESPONSE**:

D&M is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore denies them.

22.     Denon has infringed the claims of the '934, '935, and '764 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its AVR3808, AVR 4308, AVR5308 and AVP-A1HDCI AV receivers; ASD-3W iPod Dock; ASD-3N Network-iPod Dock; S302 Integrated Stereo System; and S32 and S52 Enhanced Audio Systems.

**RESPONSE**:

D&M denies each and every allegation contained in Paragraph 22 of the Complaint.

23.     Denon's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

**RESPONSE**:

D&M denies each and every allegation contained in Paragraph 23 of the Complaint.

24.     The infringement by Denon has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

**RESPONSE**:

D&M denies each and every allegation contained in Paragraph 24 of the Complaint.

**AFFIRMATIVE DEFENSES**

By way of further answer and affirmative defenses, D&M asserts as follows:

**I.      FIRST AFFIRMATIVE DEFENSE**

Service of process upon D&M Holdings Inc. was insufficient.

**II.     SECOND AFFIRMATIVE DEFENSE**

D&M does not infringe, nor has it infringed, contibutorily infringed or induced infringement of any of the patents-in-suit, either literally or through the doctrine of equivalents.

**III.    THIRD AFFIRMATIVE DEFENSE**

The asserted patents-in-suit and all claims under the patents-in-suit are invalid for failing to meet the requirements for patentability as set forth in 35 U.S.C. §§ 101 *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**IV.     FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against D&M are barred by the doctrines of estoppel, laches, waiver, unclean hands, and/or other applicable equitable doctrines or defenses.

D&M reserves the rights to amend its Answer based on subsequently received information.

## COUNTERCLAIMS

Defendant Denon Electronics (USA), LLC ("Denon"), for its Counterclaim to Plaintiff's Complaint, alleges as follows:

### PARTIES

1.  Denon Electronics (USA), LLC, a wholly owned subsidiary of D&M Holdings U.S. Inc., is located at 100 Corporate Drive, Mahwah, New Jersey 07430.

2.  Plaintiff EZ4Media, Inc. ("EZ4Media") has alleged it is a corporation with its principal place of business located at 2275 Half Day Road, Suite 350, Bannockburn, Illinois.

### JURISDICTION

3.  Denon's counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the declaratory judgment provisions of Title 28 of the United States Code, Sections 2201 and 2202. This Court has jurisdiction over the subject matter of these Counterclaims based on 28 U.S.C. §§ 1331, 1367(a), 1338(a), 2201, and 2202.

### VENUE

4.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

### FIRST CLAIM FOR RELIEF
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

5.  Denon repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

6.  EZ4Media has alleged that it owns U.S. Patent Nos. 7,142,934 ("the '934 patent") 7,142,935 ("the '935 patent"), and 7,167,765 ("the '765 patent") (the '934, '935, and '765 patents are referred collectively as "the patents-in-suit"), and that Denon has infringed and is infringing one or more of the claims of the patents-in-suit.

7. Denon has not infringed and is not now infringing any asserted claims of the patents-in-suit, directly, indirectly, contributorily, or through inducement.

8. A controversy exists between Denon and EZ4Media regarding the alleged infringement by Denon of any asserted claims of the patents-in-suit, due to EZ4Media's actions and statements, including the filing of this action.

9. Denon is entitled to a declaration that it has not infringed and does not infringe any asserted claims of the patents-in-suit asserted by EZ4Media in this action.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGMENT OF PATENT INVALIDITY

10. Denon repeats and realleges each and every allegation in the foregoing paragraphs as though fully set forth herein.

11. Upon information and belief, any and all claims of the patents-in-suit asserted by EZ4Media against Denon are invalid because the alleged inventions claimed in the patents-in-suit fail to satisfy the requirements of the patents statutes set forth in Title 35 of the United States Code, including Sections 101, 102, 103, and/or 112. For example, upon information and belief, one or more claims of the patents-in-suit are invalid under Section 102 and/or 103 based on the following references:

U.S. Patent No. 5,790,935;
U.S. Patent No. 5,991,306;
U.S. Patent No. 6,055,566;
U.S. Patent No. 6,526,581;
U.S. Patent No. 6,678,215;
U.S. Patent No. 6,678,737;
U.S. Patent No. 6,826,283;
U.S. Patent Application Pub. No. 2002/0056112;
European Patent 0 909 112;
European Patent 0 992 921;
PCT Application No. WO 00/23899;
PCT Application No. WO 00/49731;
PCT Application No. WO 01/10124;

PCT Application No. WO 01/31806; and
PCT Application No. WO 99/18506

12. A controversy exists between Denon and EZ4Media regarding the validity of any asserted claims of the patents-in-suit, due to EZ4Media's actions and statements, including the filing of this action.

13. Denon is entitled to a declaration that any and all claims of the patents-in-suit asserted against it by EZ4Media in this action are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Denon requests that this Court enter a judgment in its favor and against EZ4Media as follows:

A. A dismissal of Plaintiff's Complaint with prejudice in its entirety and a denial of all relief requested therein;

B. A judgment in favor of D&M adjudging that Plaintiff take nothing;

C. A declaration that Denon has not infringed and does not infringe, either directly, indirectly, contributorily, or through inducement, any of the claims of the patents-in-suit asserted by EZ4Media against D&M in this action.

D. A declaration that the patents-in-suit are invalid;

E. A declaration that this case is exceptional, and an award to D&M of its costs, expenses and reasonable attorneys' fees; and

F. A grant of further relief to D&M that is just and proper.

## DEMAND FOR JURY TRIAL

D&M hereby requests trial by jury.

Respectfully submitted,

Date: August 27, 2008          By:          s/ Paul A. Kafadar
                                    Bradley J. Hulbert
                                    George I. Lee
                                    Rick A. Machonkin
                                    Paul A. Kafadar (ID No. 6289869)
                                    **McDonnell Boehnen Hulbert & Berghoff LLP**
                                    300 South Wacker Drive
                                    Chicago, Illinois 60606
                                    Tel.: (312) 913-0001
                                    Fax: (312) 913-0002
                                    kafadar@mbhb.com

                                    **Attorneys for Defendants,
                                    Denon Electronics (USA), LLC,
                                    D&M Holdings Inc.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was served on August 27, 2008 as follows:

**Via email to:**
David J. Sheikh
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street, Suite 4600
Chicago, Illinois 60602-4515
Attorney for Plaintiff EZ4Media, Inc.

                                                  s/   Paul A. Kafadar