UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| EZ4MEDIA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMSUNG ELECTRONICS CO., LTD., ) <br> SAMSUNG ELECTRONICS AMERICA, INC., ) <br> PIONEER CORPORATION, ) <br> PIONEER ELECTRONICS, INC., ) <br> YAMAHA CORPORATION, ) <br> YAMAHA ELECTRONICS CORPORATION, ) <br> D&M HOLDINGS LLC, and ) <br> DENON ELECTRONICS, LLC, ) <br> ) <br> Defendants. ) <br> ) | Case No. 08 CV 3732 <br><br> Judge Wayne R. Andersen <br> Magistrate Judge Michael T. Mason |

**DEFENDANT YAMAHA ELECTRONICS CORPORATION, USA'S
ANSWER TO COMPLAINT**

Defendant YAMAHA ELECTRONICS CORPORATION, USA (incorrectly sued as "Yamaha Electronics Corporation" and referenced herein as "YEC"), by its undersigned counsel, answers the Complaint filed by Plaintiff EZ4Media, Inc. ("EZ4Media") on June 30, 2008 as follows:

1

## ANSWER TO ALLEGATIONS REGARDING PARTIES, JURISDICTION, AND VENUE

Complaint:

>    1.    This is a claim for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a).

Answer:

YEC admits that the Complaint alleges patent infringement under 35 U.S.C. § 271. YEC does not contest that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

Complaint:

>    2.    EZ4Media Inc. ("EZ4Media") is a corporation with its principal place of business at 2275 Half Day Road, Suite 350, Bannockburn, Illinois. EZ4Media is in the business of designing, manufacturing, and selling devices for digital video, including those covered under the patents involved in this lawsuit.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint regarding Plaintiff EZ4Media, and, on that basis, denies each and every allegation contained therein.

Complaint:

> 3. EZ4Media owns and has all right, title and interest in U.S. Patent No. 7,142,934 which issued on November 28, 2006 (the "'934 Patent"); U.S. Patent No. 7,142,935 which issued on November 28, 2006 (the "'935 Patent"); U.S. Patent No. 7,167,765 which issued on January 23, 2007 (the "'765 Patent") and U.S. Patent No. 7,107,605 which issued on September 12, 2006 (the "'605 Patent").

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint regarding Plaintiff's purported ownership interest in the patents in suit, and, on that basis, denies each and every allegation contained therein.

Complaint:

> 4. EZ4Media has standing to sue and to recover past damages for infringement of the '934, '935, '765 and '605 Patents.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint about whether Plaintiff has standing to sue and to recover past damages for alleged infringement of the patents in suit, and, on that basis, denies each and every allegation contained therein.

Complaint:

>    5.    EZ4Media has fully complied with the marking and notice requirements of 35 U.S.C. § 287, including, without limitation, by placing the relevant patent numbers on its EZfetch digital media receiver.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint regarding EZ4Media's purported compliance with the marking and notice requirements of 35 U.S.C. § 287, and, on that basis, denies each and every allegation contained therein.

Complaint:

>    6.    Samsung Electronics Co., Ltd.'s headquarters and principal place of business is located at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul, South Korea, 100-742, and Samsung Electronics America, Inc., a subsidiary of Samsung Electronics Co., Ltd., is located at 105 Challenger Road, Ridgefield Park, New Jersey 07660 (hereinafter collectively referred to as "Samsung").  Samsung sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, '765, and '605 Patents.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint regarding co-Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively referenced herein as "the Samsung Defendants"), and, on that basis, denies each and every allegation contained therein.

Complaint:

       7.    Pioneer Corporation's headquarters and principal place of business is located at 25-1 Aza-Nishimachi, Yamada, Kawagoe-shi, Saitama, Japan 350-8555, and Pioneer Electronics, Inc., a subsidiary of Pioneer Corporation, is located at 2265 E. 220th Street, Long Beach, California 90810 (hereinafter collectively referred to as "Pioneer"). Pioneer sells electronic products throughout the United States, including within this judicial district, and has also advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, and '765 Patents.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint regarding co-Defendants Pioneer Corporation and Pioneer Electronics, Inc. (collectively referenced herein as "the Pioneer Defendants"), and, on that basis, denies each and every allegation contained therein.

Complaint:

        8.    Yamaha Corporation's headquarters and principal place of business is located at 10-1 Nakazawa-cho, Naka-ku, Hamamatsu Japan 430-8650, and Yamaha Electronics Corporation, a subsidiary of Yamaha Corporation, is located at 6660 Orangethorpe Avenue, Buena Park, California 90620 (hereinafter collectively referred to as "Yamaha").  Yamaha sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by claims of the '934, '935, and '765 Patents.

Answer:

YEC objects to being collectively defined with named Defendant Yamaha Corporation in the Complaint as "Yamaha."  YEC is a separate and distinct legal entity from Yamaha Corporation and is responding to the allegations of this Complaint on behalf of YEC only.  With respect to the first sentence of Paragraph 8 of the Complaint, YEC admits the allegation regarding its location and, upon information and belief, admits the allegation regarding Yamaha Corporation's location.  In further response to the first sentence of Paragraph 8 of the Complaint, YEC clarifies that it is a wholly-owned subsidiary of Yamaha Corporation of America, which, in turn, is a wholly-owned subsidiary of Yamaha Corporation.  In response to the second sentence of Paragraph 8 of the Complaint, YEC admits the allegation that YEC "sells electronic products throughout the United States, including within this judicial district," but denies upon information and belief that Yamaha Corporation "sells electronic products throughout the United States, including within this judicial district."  To the extent not expressly admitted, YEC denies each and every remaining allegation of Paragraph 8 of the Complaint.

Complaint:

>   9.   D&M Holdings, Inc.'s headquarters and principal place of business is located at 2-4-6, Kitahama, Chuo-ku, Osaka, Japan 541-8535, and Denon Electronics, LLC a subsidiary of D&M Holdings, Inc., is located at 100 Corporate Drive, Mahwah, New Jersey 07430 (collectively referred to as "Denon"). Denon sells electronic products throughout the United States, including within this judicial district, and has advertised, sold and offered to sell products within this judicial district that are covered by the claims of the '934, '935, and '765 Patents.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint regarding co-Defendants D&M Holdings, Inc. and Denon Electronics, LLC (collectively referenced herein as "the Denon Defendants"), and, on that basis, denies each and every allegation contained therein.

Complaint:

>   10.   Venue is proper in this district under 28 U.S.C. § 1400(b).

Answer:

YEC does not contest that venue is appropriate in this judicial district under 28 U.S.C. § 1400(b) with respect to YEC for purposes of this case.  YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the venue allegation of Paragraph 10 of the Complaint as it pertains to the other Defendants in this action, and, on that basis, denies such allegation as it pertains to the other Defendants.

## ANSWER TO ALLEGATIONS REGARDING PATENT INFRINGEMENT

Complaint:

> 11. The '934, '935 and '765 Patents relate to a device, system and a method for streaming digital media, for example movies, music or pictures, from a server to a playback device, such as a television or a stereo.

Answer:

The allegations of Paragraph 11 of the Complaint are vague and ambiguous as to what the '934, '935 and '765 Patents "relate to"; the '934, '935 and '765 Patents speak for themselves as to what they "relate to." In addition to being vague and ambiguous, Paragraph 11 does not appear to present a valid allegation to which a response is required as what the patents in suit may or may not "relate to" does not appear to be an issue in this lawsuit; to the extent that a response is deemed to be required, YEC denies the allegations of Paragraph 11 of the Complaint.

Complaint:

> 12. The '605 Patent relates to a method and system for streaming pictures from a server to a picture frame over a wireless network.

Answer:

The allegations of Paragraph 12 of the Complaint are vague and ambiguous as to what the '605 Patent "relates to"; the '605 Patent speaks for itself as to what it "relates to." In addition to being vague and ambiguous, Paragraph 12 does not appear to present a valid allegation to which a response is required as what the patents in suit may or may not "relate to" does not appear to be an issue in this lawsuit; to the extent that a response is deemed to be required, YEC denies the allegations of Paragraph 12 of the Complaint.

Complaint:

> 13. Samsung has infringed the claims of the '934, '935, '765 and '605 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its LNA52A750, LNA46A750, and LNA40A750 flat panel televisions and SPF-72V and SPF-83V wireless photo frames.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint regarding the Samsung Defendants, and, on that basis, denies each and every allegation contained therein.

Complaint:

> 14. Samsung's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint regarding the Samsung Defendants, and, on that basis, denies each and every allegation contained therein.

Complaint:

> 15. The infringement by Samsung has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint regarding the Samsung Defendants, and, on that basis, denies each and every allegation contained therein.

Complaint:

> 16. Pioneer has infringed the claims of the '934, '935, and '765 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its X-Z9 Network Media Stereo; BDP-94HD and BDP-HD1 blue ray players; SC-09TX and VSX-94TXH AV receivers; PRO-940HD, PRO-950HD, PRO-1140HD, and PRO-1150HD plasma televisions; and PDP-5020FD and PDP-6020FD and flat panel televisions.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint regarding the Pioneer Defendants, and, on that basis, denies each and every allegation contained therein.

Complaint:

> 17. Pioneer's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint regarding the Pioneer Defendants, and, on that basis, denies each and every allegation contained therein.

Complaint:

      18.    The infringement by Pioneer has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint regarding the Pioneer Defendants, and, on that basis, denies each and every allegation contained therein.

Complaint:

      19.    Yamaha has infringed the claims of the '934, '935, and '765 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its RXZ11, RX-V3800, RX-V2700, and RX-N600 AV receivers; MCX-2000 Digital Audio Server; and MCX-A10 and MCX-C15 Music Cast System Clients.

Answer:

YEC denies each and every allegation of Paragraph 19 of the Complaint.

Complaint:

      20.    Yamaha's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

Answer:

YEC denies each and every allegation of Paragraph 20 of the Complaint.

Complaint:

>21. The infringement by Yamaha has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

Answer:

YEC denies each and every allegation of Paragraph 21 of the Complaint.

Complaint:

>22. Denon has infringed the claims of the '934, '935, and '765 Patents at least by making, using, importing, selling or offering to sell, and by inducing, aiding and abetting, encouraging or contributing to the infringement by others relating to, among products, its AVR3808, AVR4308, AVR5308 and AVP-A1HDCI AV receivers; ASD-3W iPod Dock; ASD-3N Network-iPod Dock; S302 Integrated Stereo System; and S32 and S52 Enhanced Audio Systems.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint regarding the Denon Defendants, and, on that basis, denies each and every allegation contained therein.

Complaint:

>23. Denon's infringement has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for the infringement that has occurred, but in no event less than a reasonable royalty.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint regarding the Denon Defendants, and, on that basis, denies each and every allegation contained therein.

Complaint:

      24.    The infringement by Denon has injured, and will continue to injure, Plaintiff unless and until such infringement is enjoined by the Court.

Answer:

YEC states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint regarding the Denon Defendants, and, on that basis, denies each and every allegation contained therein.

## ADDITIONAL DEFENSES

YEC hereby asserts the following separate additional defenses to the claims and allegations contained in Plaintiff's Complaint, without admitting or acknowledging that YEC bears the burden of proof as to any of them. YEC reserves the right to seek leave to amend its Answer to plead additional defenses, supplement existing defenses and/or to assert counterclaims, if information developed through discovery, trial or otherwise merits such additional defenses, supplementation and/or counterclaims.

### First Additional Defense

**(Failure to State a Claim)**

1.    The Complaint fails to state a claim upon which relief can be granted in favor of EZ4Media and against YEC.

### Second Additional Defense

**(Noninfringement of the Asserted Patents)**

2.    In Paragraph 19 of its Complaint, Plaintiff EZ4Media has accused YEC of infringing an unspecified number of claims of U.S. Patent 7,142,934 ("the '934 Patent"), U.S.

Patent No. 7,142,935 ("the '935 Patent"), and U.S. Patent No. 7,167,765 ("the '765 Patent") (collectively referenced herein as "the Asserted Patents").

3. Plaintiff EZ4Media has not accused YEC of infringing U.S. Patent No. 7,107,605 ("the '605 Patent"). Thus, the '605 Patent is not included in the definition of "the Asserted Patents" as that term is used herein.

4. YEC has not directly, indirectly, literally, or under the doctrine of equivalents, infringed any valid claim of the Asserted Patents.

### Third Additional Defense

### (Prosecution History Estoppel)

5. By reason of statements made by or on behalf of the patent applicant during the prosecution of the applications that led to the issuance of the Asserted Patents, Plaintiff is estopped from asserting a scope for any asserted claim of the Asserted Patents that would cover any allegedly infringing YEC product.

### Fourth Additional Defense

### (Invalidity of the Asserted Patents)

6. Each asserted claim of the Asserted Patents is invalid for failure to comply with the statutory and decisional requirements for patentability, including but not limited to the requirements set forth in Sections 102, 103 and 112 of Title 35 of the United States Code.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Yamaha Electronics Corporation, USA ("YEC") demands judgment on Plaintiff EZ4Media, Inc.'s Complaint as follows:

A.  That Plaintiff EZ4Media take nothing and be denied any relief whatsoever with respect to YEC;

B.  That the Complaint against YEC be dismissed on the merits and with prejudice;

C.  That the Asserted Patents be adjudged to be not infringed by YEC;

D.  That the asserted claims of the Asserted Patents be adjudged invalid;

E.  That YEC be awarded the costs incurred by it in connection with this action;

F.  That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that YEC is awarded its attorneys' fees; and

G.  That YEC be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendant Yamaha Electronics Corporation, USA demands a trial by jury.

Dated: August 27, 2008

/s/ Todd H. Flaming
_____
Attorneys for Defendant Yamaha Electronics Corporation, USA

Todd H. Flaming
SCHOPF & WEISS LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606-4617
Telephone: (312) 701-9300
Facsimile: (312) 701-9335
E-mail: flaming@sw.com

Vincent J. Belusko (motion for leave to appear pro hac vice pending)
Martin M. Noonen (motion for leave to appear pro hac vice pending)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
E-mail: vbelusko@mofo.com
E-mail: mnoonen@mofo.com

## **CERTIFICATE OF SERVICE**

I, Todd H. Flaming, an attorney, hereby state that I caused a copy of the attached document to be served by the Court's electronic filing service (ECF), upon the following individuals this 27th of August 2008:

**Raymond P. Niro**
**Lee F. Grossman**
**Christopher J. Lee**
**Richard Burns Megley, Jr.**
**Dean D. Niro**
**David J. Sheikh**
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL 60602

**William E. Devitt**
Kirkland & Ellis LLP (Chicago)
200 East Randolph Drive
Suite 6100
Chicago, IL 60601

**Bradley J. Hulbert**
**George I. Lee**
**Richard A. Machonkin**
McDonnell, Boehnen, Hulbert & Berghoff, Ltd.
300 South Wacker Drive
32nd Floor
Chicago, IL 60606

**Paul A. Kafadar**
McDonnell Boehnen Hulbert & Berghoff
300 S. Wacker Dr.
Suite 3100
Chicago, IL 60606

/s/ Todd H. Flaming
Todd H. Flaming