## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| EZ4MEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 CV 3732 |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., | ) | Judge Wayne R. Andersen |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) | Magistrate Judge Michael T. Mason |
| PIONEER CORPORATION, | ) | |
| PIONEER ELECTRONICS, INC., | ) | |
| YAMAHA CORPORATION, | ) | |
| YAMAHA ELECTRONICS CORPORATION, | ) | |
| D&M HOLDINGS LLC, and | ) | |
| DENON ELECTRONICS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### STIPULATION OF DISMISSAL OF DEFENDANT YAMAHA CORPORATION WITHOUT PREJUDICE [Fed. R. Civ. P. 41(a)(1)(ii)]

Pursuant to Fed. R. Civ. P. 41(a)(1)(ii), Plaintiff EZ4MEDIA, INC. ("EZ4Media"), on the one hand, and Defendants YAMAHA CORPORATION ("YCJ") and YAMAHA ELECTRONICS CORPORATION, USA (incorrectly sued as "Yamaha Electronics Corporation" and referenced herein as "YEC"), on the other, hereby stipulate to dismiss YAMAHA CORPORATION from the above-captioned action without prejudice on the following conditions:

1.      YCJ represents that it has not made, used, sold, or offered for sale the products identified in Paragraph 19 of the Complaint or any other products that are substantially similar or

equivalent in structure, function or operation (referenced herein as "the Accused Products") in the United States, and has not imported the Accused Products into the United States.

2.      If YCJ is dismissed from this action, YCJ and YEC agree that documentation regarding the Accused Products (technical documents, marketing and business plans, and financial documents) will be produced through YEC pursuant to discovery requests served on YEC without requiring a subpoena to YCJ, even if that documentation is in the possession, custody, or control of YCJ, within the limits of applicable discovery rules and accounting for any time or similar delay resulting from location.  The intent of this provision is to not make YCJ a pass-through discovery defendant.

3.      EZ4Media will not seek to depose individual YCJ witnesses unless a YEC witness testifies that the knowledge of a subject lies with a YCJ witness in Japan and does not lie with a YEC witness in the United States.  To the extent any such deposition is necessary, any notice of a deposition of a YCJ employee will be served upon YEC, not YCJ.  EZ4Media will not depose YCJ as a party, and any 30(b)(6) witnesses will be provided by YEC.  Any depositions of YCJ witnesses will take place in Japan and EZ4Media will pay the costs of conducting any such deposition (i.e., attendance fees for a court reporter, a videographer and a translator) but not including YCJ's or YEC's attorney fees, travel expenses or costs of obtaining copies of deposition transcripts or videos of the deposition.

4.      If YCJ is dismissed from this action, and a judgment is subsequently entered in this case against YEC (which is a wholly-owned subsidiary of a wholly-owned subsidiary of YCJ), and should YEC be unable to pay the full amount of any such judgment to EZ4Media, YCJ agrees to pay whatever amount of any such judgment that YEC cannot pay.

5.      Based on of the above representations, EZ4Media voluntarily dismisses YCJ from the above-captioned case without prejudice.  Should EZ4Media subsequently determine that YCJ has in fact made, used, sold or offered for sale the Accused Products in the U.S. and/or has imported the Accused Products into the U.S. independently of YEC, or additionally establishes that YCJ's presence in this case is necessary, EZ4Media may then move to join YCJ and counsel for YEC would then agree to accept service for YCJ without the need for EZ4Media to resort to service of YCJ via the Hague Convention.

6.      By entering into this agreement, YCJ does not waive any rights it may have, including but not limited to the right to contest personal jurisdiction, venue, or any other defense it may have.  Furthermore, EZ4Media agrees that neither it nor any assignee, transferee, successor, or anyone else in privity with EZ4Media may, in any way, argue, solely on the basis of this agreement that YCJ does business in the U.S., agrees to jurisdiction or venue in the U.S. or in the state of Illinois, has bypassed or ignored the separate corporate existences of YCJ and YEC, or any other similar fact.

Dated:  August 29, 2008

/s/ David J. Sheikh
_____
Attorneys for Plaintiff EZ4Media, Inc.

David J. Sheikh (sheikh@nshn.com)
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

Dated: August 29, 2008

/s/  Todd H. Flaming

_____

Attorneys for named Defendant Yamaha Corporation and
Defendant Yamaha Electronics Corporation, USA

Todd H. Flaming
SCHOPF & WEISS LLP
One South Wacker Drive
28th Floor
Chicago, Illinois 60606-4617
Telephone: (312) 701-9300
Facsimile: (312) 701-9335
Email

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **STIPULATION OF DISMISSAL OF DEFENDANT YAMAHA CORPORATION WITHOUT PREJUDICE [Fed. R. Civ. P. 41(a)(1)(ii)]** was electronically filed with the Clerk of Court using CM/ECF system, which will send notification by electronic mail to the following:

Bradley J. Hulbert (hulbert@mbhb.com)
George I. Lee (lee@mbhb.com)
Rich A. Machonkin (machonkin@mbhb.com)
Paul A. Kafadar (kafadar@mbhb.com)
McDonnell Boehnen Hulbert & Berghoff
300 S. Wacker Drive, Suite 3100
Chicago, IL  60606
(312) 913-3352
**Counsel for D&M Holdings LLC and Denon Electronics, LLC**

Todd H. Flaming (flaming@sw.com)
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, IL  60606
(312) 913-3352

Martin M. Noonen
Vincent J. Belusko
Morrison & Foerster LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA  90013
(213) 892-5764
**Counsel for Yamaha Electronics Corporation, USA**

William E. Devitt (wdevitt@kirkland.com)
Kirkland & Ellis LLP
200 East Randolph
Chicago, IL 60601
(312) 861-2000

**Counsel for Samsung Electronics, Co., Ltd. And Samsung Electronics America, Inc.**

on this 29th day of August, 2008.

/s/David J. Sheikh